UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD CHARLES PERRY,<br><br>    Plaintiff,<br><br>    v.<br><br>NANCY A. BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY,[1]<br><br>    Defendant. | Case No.  15-cv-04566-DMR<br><br>**ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 21, 24 |

Plaintiff Ronald Charles Perry moves for summary judgment to reverse the Commissioner of the Social Security Administration's (the "Commissioner's") final administrative decision, which found Plaintiff not disabled and therefore denied his application for benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1381 *et seq*.  Plaintiff contends that a finding of disability is warranted based on the evidentiary record and the Commissioner's own regulations, and asks the court to remand his claim for payment of benefits.  In response, the Commissioner concedes that the ALJ's findings were not supported by substantial evidence and were not free of legal error, and cross-moves to remand the case for further administrative proceedings.  For the reasons stated below, the court grants Plaintiff's motion in part, grants the Commissioner's motion in part, and remands this action for further proceedings.

**I.   PROCEDURAL HISTORY**

Plaintiff applied for Supplemental Security Income benefits on February 1, 2012, alleging disability beginning January 1, 2004.  Administrative Record ("A.R.") 151-59.  His application

---

[1] On Jan. 20, 2017, Nancy A. Berryhill became Acting Commissioner of Social Security.  In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for Acting Commissioner Carolyn W. Colvin as the defendant.  In accordance with the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

1  was initially denied on August 1, 2012 and again on reconsideration on January 30, 2013.  A.R.
2  73-77, 85-91.  On February 11, 2013, Plaintiff filed a request for a hearing before an
3  Administrative Law Judge ("ALJ").  A.R. 92-94.  ALJ Nancy Lisewski conducted a hearing on
4  February 24, 2014.  A.R. 23-39.

5  After the hearing, the ALJ issued a decision finding Plaintiff not disabled.  A.R. 12-18.  In
6  relevant part, the ALJ determined that Plaintiff : 1) was 55 years old on the date of his application,
7  which is defined as "advanced age" within the meaning of Social Security regulations (*see* 20
8  C.F.R. § 404.963(e)); 2) has the following severe impairments: "diabetes with neuropathy;
9  hepatitis C; [and] cognitive disorder (20 C.F.R. § 416.920(c))"; 3) has no past relevant work; and
10 4) has at least a high school education and is able to communicate in English.  She also concluded
11 that Plaintiff has the residual functional capacity ("RFC") "to perform medium work as defined in
12 20 CFR [§] 416.967(c), but is limited to simple, routine work."[2]  A.R. 12-18.  Based on these
13 findings, and relying on the opinion of a vocational expert ("VE") who testified that an individual
14 with such an RFC could perform other jobs existing in the economy, including industrial cleaner,
15 kitchen helper, and salvage laborer, the ALJ concluded that Plaintiff is not disabled.  *See* A.R. 17-
16 18.

17 The Appeals Council denied Plaintiff's request for review on September 28, 2015.  A.R. 1-
18 6.  The ALJ's decision therefore became the Commissioner's final decision.  *Taylor v. Comm'r of*
19 *Soc. Sec. Admin.*, 659 F.3d 1228, 1231 (9th Cir. 2011).  Plaintiff then filed suit in this court
20 pursuant to 42 U.S.C. § 405(g).

21 **II.     THE FIVE-STEP SEQUENTIAL EVALUATION PROCESS**

22 To qualify for disability benefits, a claimant must demonstrate a medically determinable
23 physical or mental impairment that prevents the claimant from engaging in substantial gainful
24 activity and that is expected to result in death or to last for a continuous period of at least twelve
25 months.  *Reddick v. Chater*, 157 F.3d 715, 721 (9th Cir. 1998) (citing 42 U.S.C. § 423(d)(1)(A)).

---

[2] 20 C.F.R. § 416.967(c) states, "[m]edium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work."

2

The impairment must render the claimant incapable of performing the work previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

To decide if a claimant is entitled to benefits, an ALJ conducts a five-step inquiry. 20 C.F.R. §§ 404.1520, 416.920. The steps are as follows:

1. At the first step, the ALJ considers the claimant's work activity, if any. If the claimant is doing substantial gainful activity, the ALJ will find that the claimant is not disabled.

2. At the second step, the ALJ considers the medical severity of the claimant's impairment(s). If the claimant does not have a severe medically determinable physical or mental impairment that meets the duration requirement in [20 C.F.R.] § 416.909, or a combination of impairments that is severe and meets the duration requirement, the ALJ will find that the claimant is not disabled.

3. At the third step, the ALJ also considers the medical severity of the claimant's impairment(s). If the claimant has an impairment(s) that meets or equals one of the listings in 20 C.F.R., Pt. 404, Subpt. P, App. 1 [the "Listings"] and meets the duration requirement, the ALJ will find that the claimant is disabled.

4. At the fourth step, the ALJ considers an assessment of the claimant's residual functional capacity ("RFC") and the claimant's past relevant work. If the claimant can still do his or her past relevant work, the ALJ will find that the claimant is not disabled.

5. At the fifth and last step, the ALJ considers the assessment of the claimant's RFC and age, education, and work experience to see if the claimant can make an adjustment to other work. If the claimant can make an adjustment to other work, the ALJ will find that the claimant is not disabled. If the claimant cannot make an adjustment to other work, the ALJ will find that the claimant is disabled.

20 C.F.R. § 416.920(a)(4); 20 C.F.R. §§ 404.1520; *Tackett*, 180 F.3d at 1098-99.

### III. FACTUAL BACKGROUND

The relevant facts are as follows. At the hearing before the ALJ, Plaintiff testified that he has a tenth grade education. A.R. 28. He told the ALJ that he can read "a little bit," but "I don't

write good. That's what I don't do." A.R. 28. Plaintiff stated he can read about 60% or 70% of the words on a document like a Social Security notice, and that he "always [has] somebody read [something like that] back to [him]." A.R. 30. He has never read the newspaper, but while he was in prison, he was able to read books by the writer Donald Goines because they "had easy words." A.R. 29-30. Plaintiff does not have a driver's license because he failed the written test. A.R. 29.

Plaintiff last worked in 2002 or 2003 doing "in-home care." A.R. 28. Although records show that he was paid $7,144 for that work, he testified "I don't remember no [$]7,000, no." A.R. 31. According to Plaintiff, the mother of his children handled the checks for that work and gave him approximately $125 every two weeks. When asked to describe the work, Plaintiff testified as follows:

> Well, between me and her we had two--we got two kids. And I was doing like cooking, housecleaning and, you know, go to the store, you know, basically stuff like that around the house.

A.R. 31.

Plaintiff also worked as a cook for Giant Burger in 2000 through a work furlough program, but his parole officer "pulled [him] out." A.R. 32. He earned a total of $816 from that job. A.R. 32. He also worked in 1996 and earned $1,761, but the job ended when he was incarcerated on a probation or parole violation. A.R. 32.

## IV.   STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has the authority to review a decision by the Commissioner denying a claimant disability benefits. "This court may set aside the Commissioner's denial of disability insurance benefits when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett*, 180 F.3d at 1097 (citations omitted). Substantial evidence is evidence within the record that could lead a reasonable mind to accept a conclusion regarding disability status. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971). It is more than a mere scintilla, but less than a preponderance. *See Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir.1996) (internal citation omitted). When performing this analysis, the court must "consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880,

882 (9th Cir. 2006) (citation and quotation marks omitted).

If the evidence reasonably could support two conclusions, the court "may not substitute its judgment for that of the Commissioner" and must affirm the decision. *Jamerson v. Chater*, 112 F.3d 1064, 1066 (9th Cir. 1997) (citation omitted). "Finally, the court will not reverse an ALJ's decision for harmless error, which exists when it is clear from the record that the ALJ's error was inconsequential to the ultimate nondisability determination." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (citations omitted).

**V.    ISSUES PRESENTED**

Plaintiff argues that he is entitled to a finding of disabled under the Medical-Vocational Guidelines, or "grids."[3] Specifically, Plaintiff argues that he is disabled under Grid Rule 203.10, which states that a person should be found "disabled" if he or she 1) is of advanced age; 2) is limited to medium work; 3) has a limited education; and 4) has no past relevant work. 20 C.F.R. part 404, subpart P, Appendix 2, Table No. 3, 203.10. Social Security regulations provide that "[l]imited education means ability in reasoning, arithmetic, and language skills, but not enough to allow a person with these educational qualifications to do most of the more complex job duties needed in semi-skilled or skilled jobs." 20 C.F.R. § 416.964(b)(3). The Social Security Administration "generally consider[s] that a 7th grade through the 11th grade level of formal education is a limited education." *Id.*

The ALJ found that Plaintiff satisfied three of the four requirements of Grid Rule 203.10, in that he is of advanced age, limited to medium work, and has no past relevant work. Plaintiff asserts that as to the requirement of a limited education, the ALJ's finding that he graduated from high school is not supported by substantial evidence. Plaintiff argues that because he did not graduate from high school, he is entitled to a finding of disabled under Grid Rule 203.10.

In its cross-motion, the Commissioner concedes that the ALJ's finding that Plaintiff has a high school education is not supported by substantial evidence. However, the Commissioner

---

[3] The Medical–Vocational Guidelines are a matrix system for handling claims that involve substantially uniform levels of impairment. *See* 20 C.F.R. Part 404, Subpt. P, App. 2. They are commonly referred to as "the grids."

argues that Grid Rule 203.10 does not apply, because the ALJ's finding that Plaintiff had no past relevant work is also not supported by substantial evidence. The Commissioner argues that this matter should be remanded so that the ALJ can conduct further proceedings to resolve conflicting evidence in the record about Plaintiff's education level, and properly assess whether his past work was performed at a level that would constitute substantial gainful activity.

In his reply, Plaintiff argues that the ALJ's finding that Plaintiff had no past relevant work is supported by substantial evidence.

## VI.  DISCUSSION

This case is unusual in that the Commissioner concedes that the ALJ erred as to her finding about Plaintiff's level of education. However, the Commissioner attacks the ALJ's finding that Plaintiff has no past relevant work. Both of these issues are critical to the question of whether Plaintiff meets Grid Rule 203.10. The court will first address the ALJ's finding that Plaintiff had no past relevant work or "substantial gainful activity" ("SGA"). It will then address the ALJ's finding that Plaintiff graduated from high school.

### A.  Plaintiff's Past Work

The ALJ found that Plaintiff has no past relevant work, citing Exhibits 3E and 4E. Exhibit 3E is a six-page unsigned, undated "Work History Report." A.R. 197-202. The form asks the claimant to "[l]ist all the jobs that you have had in the 15 years before you became unable to work because of your illnesses, injuries, or conditions." A.R. 197. Similarly, Exhibit 4E is an eight-page unsigned, undated form titled "Disability Report—Adult." The form asks the claimant to "[l]ist the jobs (up to 5) that you had in the 15 years before you became unable to work because of your physical or mental conditions." A.R. 203-210. There are no jobs listed on Plaintiff's "Work History Report" and "Disability Report—Adult."

The Commissioner argues that the ALJ's finding of no past relevant work is not supported by substantial evidence, because the record shows that Plaintiff earned $7,114.90 in 2006. A.R. 161. The Commissioner argues that although Plaintiff testified that he performed work as an in-home care provider, the ALJ did not determine the skill level of the work, how long Plaintiff performed the work, or if it was performed at SGA levels. In 2006, the monthly amount necessary

1  to establish substantial gainful activity was $860.  A.R. 168.  According to the Commissioner, if
2  Plaintiff performed the in-home care work for at least 30 days at SGA levels, then the work would
3  qualify as past relevant work.  As a result, Grid Rule 203.10 would not apply, regardless of
4  Plaintiff's level of education.  The Commissioner argues that the court should remand this matter
5  for further consideration of Plaintiff's 2006 work.

6  "Past relevant work" is work that a claimant has "done within the past 15 years, that was
7  substantial gainful activity, and that lasted long enough for [the claimant] to learn to do it."  20
8  C.F.R. § 416.960(b); *see also* 20 C.F.R. § 416.965(a).  Substantial gainful activity, or SGA, means
9  work that involves doing significant and productive physical or mental duties and is done for pay
10 or profit.  20 C.F.R. §§ 404.1510, 416.910, 416.972.  A claimant's work may be substantial even if
11 it is done on a part-time basis or if the claimant does less, gets paid less, or has less responsibility
12 than when the claimant worked before.  20 C.F.R. § 416.972(a).  Social Security regulations
13 provide that "[g]enerally, . . . activities like taking care of yourself, household tasks, hobbies,
14 therapy, school attendance, club activities, or social programs [are not considered] to be
15 substantial gainful activity."  20 C.F.R. § 416.972(c).

16 The court concludes that the ALJ's determination that Plaintiff's 2006 work does not
17 constitute SGA is supported by substantial evidence.  Specifically, Plaintiff testified that his 2006
18 in-home care work involved "cooking, housecleaning . . . go[ing] to the store . . . stuff like that
19 around the house."  A.R. 31.  In response to counsel's question, "you were just sort of doing your
20 normal functions to -- for like, living.  Right?", Plaintiff said "yes."  A.R. 31.  Under 20 C.F.R. §
21 416.972(c), "activities like taking care of [oneself], [and] household tasks" are generally not
22 considered SGA.  Plaintiff's testimony that his 2006 work amounted to taking care of household
23 tasks in his own household was sufficient to support the ALJ's finding that the work did not
24 constitute SGA.  The court therefore finds no error in the ALJ's determination.

25 Although not entirely clear, the Commissioner also appears to make an argument regarding
26 the ALJ's credibility findings.  The Commissioner contends that the ALJ's credibility analysis
27 "was supported with substantial evidence and free of harmful legal error," and notes that Plaintiff
28 has not challenged the ALJ's credibility finding.  Def.'s Mot. 6-7.  The Commissioner asserts that

7

"the ALJ noted Plaintiff's inconsistent reporting of his educational level and poor work history impacted the weight the ALJ could accord his testimony." *Id*. at 7.  First of all, this is not an accurate representation of the ALJ's credibility findings vis-à-vis Plaintiff's work history.  The ALJ made no statement that Plaintiff's "poor work history" impacted his credibility.  Instead, she noted that "[h]e has little work history to establish that his recent unemployment is based on disability."  A.R. 17.  More importantly, the Commissioner does not explain the ramifications of the ALJ's credibility findings on the issues at stake in these motions.  At any rate, the ALJ made no specific findings that Plaintiff's testimony regarding his 2006 in-home care work was not credible.

### B. Plaintiff's Education

The ALJ concluded that Plaintiff "has at least a high school education," citing 20 C.F.R. § 416.964.  A.R. 17.  That regulation provides that "[h]igh school education and above means abilities in reasoning, arithmetic, and language skills acquired through formal schooling at a 12th grade level or above."  20 C.F.R. § 416.964(b)(4).

In the opinion, the ALJ noted inconsistencies in the record regarding Plaintiff's statements about his level of education.  Specifically, Plaintiff testified at the hearing that he has a tenth grade education.  A.R. 28.  However, he had previously reported to two examining physicians that he has an eleventh grade education.  Jonathan Howard, Psy.D., evaluated Plaintiff in February 2009 and noted that Plaintiff reported that he has an eleventh grade education.  Dr. Howard observed that Plaintiff "appeared [to be] an adequate reporter."  A.R. 259-261.  Jodi D. Snyder, Psy.D., evaluated Plaintiff three years later in June 2012.  A.R. 351-56.  She reported that Plaintiff's highest grade completed was the eleventh grade.  She found Plaintiff to be a "fair historian."  A.R. 351, 352.  According to Dr. Snyder, Plaintiff "reportedly had below average grades in school," and "reportedly had difficulty with stealing, substance use and truancy during school."  A.R. 352.

There are also inconsistencies in the documentation regarding Plaintiff's educational history.  An Oakland Public Schools report card that shows that for the school year 1971-1972, Plaintiff was in ninth grade and received three Fs and three Ds.  It appears Plaintiff failed all of his courses in tenth grade in 1973.  A.R. 246 (Ex. 13E).  Plaintiff was born in 1956, and turned 17

years old in 1973. An undated and unsigned form entitled "Disability Report—Adult" indicates that Plaintiff completed the 12th grade in 1975. A.R. 205 (Ex. 4E). If this is accurate, then Plaintiff would have graduated just two years after failing all of his tenth grade courses.

The ALJ discussed all of this evidence, and observed that Plaintiff's "claims regarding his educational achievement have varied," including Plaintiff's testimony and reports to Dr. Howard and Dr. Snyder. The ALJ concluded "[s]uch inconsistencies do not bolster his credibility." A.R. 17. She also noted that the "[p]rison records show that he can at least read and write," but did not identify any such records. A.R. 17; *see also* A.R. 15 (discussing Plaintiff's education in the context of his intellectual deficits). She ultimately found that Plaintiff "has at least a high school education." In so concluding, the ALJ cited only the undated, unsigned "Disability Report—Adult," which states that Plaintiff completed the 12th grade.

The court agrees with the parties that the ALJ's finding that Plaintiff has a high school education is not supported by substantial evidence. To be sure, the evidence supports the ALJ's finding that Plaintiff made inconsistent statements about his high school education. However, while crediting the "Disability Report—Adult" over Plaintiff's own testimony and statements to the examining physicians, the opinion does not set forth any reasons for resolving the conflicting evidence in favor of a conclusion that Plaintiff completed high school. The Social Security Act tasks the ALJ with resolving conflicting evidence. *Reddick*, 157 F.3d at 722. In so doing, an ALJ must "build an 'accurate and logical bridge from the evidence to [her] conclusion' so that [the reviewing court] may assess the validity of the agency's ultimate findings and afford a claimant meaningful judicial review." *Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002). Here, the ALJ discussed her finding that Plaintiff's "inconsistencies do not bolster his credibility," but did not explain why she credited the "Disability Report—Adult" over the other evidence in the record. Her decision to credit that evidence was significant since the issue is dispositive as to whether Plaintiff should be deemed disabled under Grid Rule 203.10. Moreover, her decision to credit the "Disability Report—Adult," which was unsigned and undated, is difficult to reconcile with the evidence about Plaintiff's failing academic performance in tenth grade, just two years before his purported completion of high school.

Additionally, the court notes that Social Security regulations provide that "the numerical grade level that [a claimant] completed in school may not represent [his or her] actual educational abilities." 20 C.F.R. § 416.964(b). An individual's educational abilities "may be higher or lower" than his or her numerical grade level, and the Social Security Administration may use a numerical grade level to determine a claimant's educational abilities "if there is no other evidence to contradict it." 20 C.F.R. § 416.964(b). In this case, examining physician Dr. Howard assessed Plaintiff's full scale IQ at 61, with a verbal IQ of 65 and performance IQ of 63. Plaintiff's test scores placed him in the "Very Low range of intelligence." A.R. 260. Dr. Snyder subsequently assessed his full scale IQ at 75, or "borderline" and also diagnosed Plaintiff with a cognitive disorder, not otherwise specified. A.R. 354. Both physicians diagnosed Plaintiff with a cognitive disorder. A.R. 261, 355. This evidence suggests that Plaintiff's educational abilities may not be at the level of a high school graduate.

This case must be remanded for further administrative proceedings so that the ALJ can clarify Plaintiff's level of educational achievement. On remand, the ALJ shall make specific findings as to Plaintiff's educational abilities, and shall sufficiently explain how the ALJ weighs and credits the evidence supporting the ultimate finding on this issue.

## VII. CONCLUSION

For the foregoing reasons, the ALJ's decision is reversed and this action is remanded for further administrative proceedings consistent with this order.

**IT IS SO ORDERED.**

Dated: March 3, 2017



Donna M. Ryu
United States Magistrate Judge